**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**Case No.:** 1:19-cv-22206-CMA

GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO
GENERAL INSURANCE COMPANY and
GEICO CASUALTY CO.,

      Plaintiffs,

vs.

MARK A. CERECEDA, D.C., et al,

      Defendants.

_____/

## CEDA DEFENDANTS' MOTION TO STAY OR ABSTAIN TEMPORARILY AS TO CLAIMS THAT ARE THE SUBJECT OF PENDING STATE COURT ACTIONS

The CEDA Defendants[1] move to stay or abstain temporarily this action by Government Employees Insurance Co., GEICO Indemnity Co., and GEICO General Insurance Company and Casualty Co. (collectively, "GEICO") as to certain individual claims that are the subject of pending, first-filed, individual Personal Injury Protection ("PIP") lawsuits in Florida state courts.

## I.    INTRODUCTION

In this action, GEICO seeks, among other things, a declaratory judgment that it is not obligated to pay claims for hundreds of thousands of medical services the CEDA Defendants provided to persons insured under policies of insurance that GEICO issued. Meanwhile, claims for tens of thousands, if not more, of these very same medical services (the "Unresolved Claims

---

[1] The CEDA Defendants, for the purposes of this Motion, include Ceda Orthopedics & Interventional Medicine of Downtown/Little Havana, L.L.C., Ceda Orthopedics & Interventional Medicine of F.I.U./Kendall, L.L.C., Ceda Orthopedics & Interventional Medicine of Hialeah, L.L.C., Ceda Orthopedics & Interventional Medicine of South Miami, L.L.C., Ceda Orthopedics & Interventional Medicine of Cutler Bay, LLC, and Springs Crossing Imaging, L.L.C.

in Pending Litigation") are the subject of ongoing litigation in PIP lawsuits in the County Court in the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida (the "State Court Actions"). These State Court Actions and the case at hand (the "Federal Action") address the exact same issues: the CEDA Defendants' entitlement to payment for these Unresolved Claims in Pending Litigation, and GEICO's defenses to its obligation to make these payments.

Although the State Court Actions are ongoing and, in some instances, more than five years into litigation, GEICO is asking this Court to consider the exact same issues that are pending in those State Court Actions.  Allowing the Federal Action to proceed with respect to these Unresolved Claims in Pending Litigation, while the State Court Actions continue to review these same exact claims, impinges on the State of Florida's strong interest in deciding this matter in state court pursuant to its statutory PIP scheme, is uneconomical, inefficient, and unfair, and presents the possibility of conflicting judgments from two different courts concerning the parties' obligations with respect to the very same claims.  To avoid this risk, the Court should exercise its broad discretion to stay or abstain temporarily its consideration of the Unresolved Claims in Pending Litigation until those State Court Actions are resolved.

## II.    THE UNDERLYING FACTS AND STATUS OF THE LAWSUITS

### A.  The State Court Actions

GEICO's Complaint in this Federal Action challenges its obligation to reimburse the CEDA Defendants for hundreds of thousands of health care services.  Tens of thousands of these services are the subject of previously filed PIP lawsuits, and at least 481 of those State Court Actions are currently pending.  *See* List of Unresolved Claims in Pending Litigation, a copy of which is attached hereto as "**Exhibit 1**."

Through these pending State Court Actions, the CEDA Defendants seek reimbursement for services they rendered to individuals who were injured in car accidents from as long ago as

2011, and who were insured under policies of insurance GEICO issued.  These State Court Actions will preclusively determine the CEDA Defendants' entitlement to payment for those Unresolved Claims in Pending Litigation, along with the validity of any defenses GEICO may assert to its obligation to make such payments.

In this regard, several of the State Court Actions include counts for declaratory judgment regarding the CEDA Defendants' entitlement to payment for the Unresolved Claims in Pending Litigation.  *See, e.g.,* Complaint, *Ceda Ortho & Int Med of Hialeah a/a/o Mari Beltre v. Geico General Insurance Company*, 2016-1753-CC-05 (11th Jud. Cir., Miami-Dade County, Fla. Jan. 30, 2016) (the "*Beltre* PIP Suit"), a copy of which is attached as "**Exhibit 2**."  In addition to that, GEICO is taking the position in many of these individual PIP lawsuits that it has no duty to provide payment because the CEDA Providers are seeking reimbursement for services that were unrelated to the subject motor vehicle accidents, medically unnecessary, unreasonable, of an amount in excess of that permitted, not lawfully provided, or submitted fraudulently.

GEICO, for example, has raised and is currently litigating the following affirmative defenses in the State Court Actions:

- "Defendant affirmatively states that the Plaintiff has incorrectly and falsely stated his claim for benefits and, therefore, Defendant does not owe Plaintiff for those benefits incorrectly or falsely claimed."

- "Defendant affirmatively states that the amounts sued herein are not due or payable to or on behalf of the insured because the insured has committed by material act or omission insurance fraud relating to personal injury protection coverage under his or her policy, and has admitted said fraud in sworn statement by the insured."

- "Defendant affirmatively states that the amounts sued herein are not due or payable to or on behalf of the insured because the claim was unrelated, was not medically necessary, or was unreasonable or that the amount of the charge was in excess of that permitted under, or in violation of, Fla. – Sta. 627.736 (5)."

*See, e.g.,* Answer and Affirmative Defenses, *Ceda Orthopedics & Interventional Medicine of*

*Downtown/Little Havana, L.L.C. a/a/o Myo Htut v. Geico Indemnity Company*, Case No. 19-008121SP-25 (11th Jud. Cir., Miami-Dade County, Fla. Mar. 18, 2019), a copy of which is attached as "**Exhibit 3**," at ¶¶ 10, 21-22.

### B.  The Federal Action

GEICO filed this Federal Action on May 30, 2019.  As in the State Court Actions, GEICO is disputing its obligation to pay the CEDA Defendants for health care services that the CEDA Defendants provided to persons who were injured in motor vehicle accidents, and who were insured under policies of insurance GEICO issued.  To that end, GEICO asks this Court to declare that GEICO has no obligation to pay any of the CEDA Defendants for any medical service they have ever rendered to a GEICO insured, including many such services that are the subject of pending State Court Actions in Florida.

Specifically, the Complaint seeks a declaration that: the CEDA Defendants "have no right to receive payment for any pending bills submitted to GEICO," (Compl. ¶ 1181); "the underlying Fraudulent Services were not lawfully provided" (Compl. ¶ 1183); the CEDA Defendants have "no right to receive payment for any pending bills submitted to GEICO because the underlying Fraudulent Services were provided – to the extent that they were provided at all – pursuant to an illegal referral scheme," (Compl. ¶ 1184); "the Fraudulent Services never were provided," (Compl. ¶ 1185); and the CEDA Defendants "have no right to receive payment." (Compl. ¶¶ 1186-87).

In order to defend themselves against the claims in the Federal Action, the CEDA Defendants must litigate their respective entitlement to payment for the subject medical services under Florida's PIP law, and any of GEICO's defenses to payment (such as whether the services were medically necessary).  In this regard, the CEDA Defendants' defenses, affirmative defenses, and counterclaims in the Federal Action necessarily raise the very same issues currently being litigated in these State Court Actions, such as the reasons that support the CEDA Defendants'

entitlement to reimbursement, and whether GEICO's defenses to payment are valid.

### C. GEICO continues to litigate and settle the State Court Actions at the same time it is attempting to disclaim liability for those claims in the Federal Action.

Since GEICO filed this Federal Action on May 30, 2019, it continues to litigate the State Court Actions and, remarkably, in at least 15 instances, GEICO agreed to settle the very same claims that are the subject of both this Federal Action and the State Court Actions. Specifically, since filing its Complaint, GEICO has settled and issued payments to certain of the CEDA Defendants in the following State Court Actions:

| Case | Case Number | Check Issued | Amount |
| --- | --- | --- | --- |
| CEDA FIU/Kendall aao Martha Elarja vs. Geico | 2019-001096 SP 24 | 10/24/2019 | $356.82 |
| CEDA FIU/Kendall aao Socrates Cabrera vs Geico | 2016-002435 SP 26 | 8/20/2019 | $91.68 |
| CEDA FIU/Kendall aao Jocelyn Zamora vs Geico | 2017-010443 SP 26 | 8/20/2019 | $800.00 |
| CEDA SM aao Frank Perez vs Geico | 2017-002689 SP 24 | 9/5/2019 | $93.66 |
| CEDA LH aao Martha Campos vs Geico | 2017-004756 SP 25 | 9/6/2019 | $286.90 |
| CEDA SM aao Betty Wilde vs Geico | 2017-010707 SP 26 | 9/5/2019 | $125.54 |
| CEDA SM aao Osvaldo Villaescusa vs Geico | 2015-006631 SP 23 | 10/24/2019 | $786.63 |
| CEDA SM aao Osvaldo E. Villaescusa vs Geico | 2015-009483 SP 23 | 8/19/2019 | $1,500.00 |
| CEDA SM aao Monica Diaz vs Geico | 2017-008475 SP 05 | 7/31/2019 | $313.02 |
| CEDA Hia aao Shikita Johnson vs Geico | 2015-013512 SP 23 | 10/11/2019 | $369.73 |
| Ceda LH aao Karla Conrado vs Geico | 2015-12977 SP 23 | 10/9/2019 | $222.45 |
| CEDA DT/LH aao Isis Ramírez vs Geico | 2015-13300 SP 23 | 10/8/2019 | $349.95 |
| CEDA SM aao Julia Tarrida vs Geico | 2017-002447 SP 26 | 10/22/2019 | $1,401.46 |
| CEDA FIU aao Rafael Trueba vs Geico | 2017-019865 SP 23 | 10/2/2019 | $62.75 |
| CEDA FIU aao Anthony Pla vs Geico | 2019-003985 SP 21 | 11/13/2019 | $359.95 |

*See* Declaration of Mark A. Cereceda, a copy of which is attached as "**Exhibit 4**," at ¶ 8. Thus, GEICO is agreeing to pay PIP benefits to the CEDA Defendants and otherwise settling State Court Actions, while at the same time taking the inconsistent position before this Court in the Federal Action that all of the CEDA Defendants' claims are fraudulent and, as a result, should not be paid

(or, alternatively, all prior payments should be returned to GEICO in the form of damages).[2]

### III.   ARGUMENT

GEICO is attempting to litigate (or re-litigate) in the Federal Action the same claims and same defenses, pertaining to the exact same medical services, as those at issue in the first-filed, pending State Court Actions.  Unless the Court stays its consideration of the Unresolved Claims in Pending Litigation until those State Court Actions are resolved, the State Court Actions and this Federal Action will simultaneously and independently—and perhaps contradictorily—decide the identical issues of whether the CEDA Defendants are entitled to payment for the subject medical services.  The Court should, therefore, exercise its broad authority to stay and abstain from considering all causes of action in the Federal Action involving the Unresolved Claims in Pending Litigation so as to avoid inconsistent judgments from this Court and in the State Court Actions regarding the claims GEICO is litigating simultaneously in two forums.

> ### A.   The Court has discretion to stay its consideration of the Unresolved Claims in Pending Litigation because the State Court Actions and the Federal Action are sufficiently similar.

It is well-established that a district court has the authority to stay proceedings *sua sponte* or on motion of a party.  *See, e.g., Republic of Venezuela v. Philip Morris Cos., Inc.*, No. 99–0586–Civ, 1999 WL 33911677, *1 (S.D. Fla. April 28, 1999) (discretion to stay proceedings "is derived from and incidental to a court's inherent power to control the disposition of cases on its docket and ensure a 'fair and efficient' adjudication of matters").  More specifically, a district court has "substantial discretion . . . in deciding whether to exercise jurisdiction over [or abstain from considering] a case when there is a parallel state court case." *Wilton v. Seven Falls Co.*, 515 U.S.

---

[2] In its Motion to Dismiss Defendants' Counterclaims, GEICO states that it is not seeking to recover any money it paid to the CEDA Defendants "pursuant to any county court judgments or settlements" in the State Court Actions, but that is not at all clear from the allegations in GEICO's Complaint. *See* Motion to Dismiss Defendants' Counterclaims [D.E. 85] at p. 12.

277, 286 (1995).  A federal and state case are "parallel" when they "involve substantially the same parties and substantially the same issues." *Chard v. Bd. of Trustees of City of Hollywood Firefighters' Pension Sys.*, 19-60323-CIV, 2019 WL 4805695, at *2 (S.D. Fla. Oct. 1, 2019).[3]

Abstention is appropriate in circumstances involving "parallel" proceedings because "it would be uneconomical as well as vexatious" for a federal district court to exercise its jurisdiction when "another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (quoting *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942)). Courts should, therefore, be guided by "considerations of federalism, efficiency, and comity" when evaluating whether to exercise its discretion "to abstain from exercising jurisdiction over state-law claims in the face of parallel litigation in the state courts." *Ameritas*, 411 F. 3d at 1330.

The Court, here, has discretion to abstain from or stay its consideration of the Unresolved Claims in Pending Litigation because the State Court Actions and the Federal Action "involve substantially the same parties and substantially the same issues." *Chard*, 2019 WL 4805695, at *2.[4]  Indeed, GEICO and various of the CEDA Defendants are parties to all of the various State Court Actions, and are also parties to this Federal Action.  Additionally, the central issues in each

---

[3] The Eleventh Circuit has made clear that a district court may even exercise its discretion to abstain from considering a federal action where the federal and state cases are not necessarily "parallel," but other factors support abstention. *See First Mercury Ins. Co. v. Excellent Computing Distributors, Inc.*, 648 Fed. Appx. 861, 866 (11th Cir. 2016).

[4] Importantly, it is not necessary that there be complete identity.  Rather, it is enough that "the parties and issues pending in the state and federal actions are 'sufficiently similar,'" and "the issues involved in both actions substantially overlap one another."  *Houston Specialty Ins. Co. v. La Gazzetta, LLC*, No. 15–21756–Civ, 2015 WL 9258096, at *2 (S.D. Fla. Dec. 18, 2015); *see also Rhein v. Kevelson*, No. 14–61830–Civ, 2014 WL 6694744, at *4 (S.D. Fla. Nov. 26, 2014) ("[T]here is no requirement in *Ameritas* that the state and federal actions involve the exact same parties.").

of the pending State Court Actions are whether the CEDA Defendants are entitled to reimbursement for their claims, and whether GEICO's defenses to payment excuse its obligation to pay the CEDA Defendants for these claims. In this Federal Action, the Unresolved Claims in Pending Litigation are the subject of these same exact disputed issues.

Thus, if both actions proceed in parallel, the State Court Actions and this Federal Action will be making judicial determinations regarding these very same Unresolved Claims in Pending Litigation. There will necessarily be a simultaneous review of the same services rendered to the same patients by the same medical professionals, the same records, and the same insurance contracts, and the same determinations of whether the CEDA Defendants are entitled to reimbursement or whether GEICO's defenses to payment overcome those payment obligations. To be sure, it is clear with respect to the Unresolved Claims in Pending Litigation that "the issues involved in both actions substantially overlap one another." *Houston Specialty Ins. Co. v. La Gazzetta, LLC*, No. 15–21756–Civ, 2015 WL 9258096, at *2 (S.D. Fla. Dec. 18, 2015). Given this substantial overlap, the Court has discretion to stay or abstain with respect to these claims.

### B. GEICO's request for declaratory relief lies at the "heart of the action" and, therefore, the *Wilton/Brillhart* doctrine applies.

In determining whether to stay a federal action or otherwise abstain from exercising its jurisdiction in favor of a state case, federal district courts apply two different standards depending on the claims at issue—the *Colorado River* and the *Wilton/Brillhart* doctrines—each of which "employ fluid, multi-factor tests" that turn "upon the application, not of bright-line rules, but of flexible guidelines." *Chard*, 2019 WL 4805695, at *3. On the one hand, "for lawsuits involving monetary damages, the *Colorado River* abstention doctrine is used . . ." *Gregory Haskin Chiropractic Clinics, Inc. v. State Farm Mut. Auto. Ins. Co.*, 391 F. Supp. 3d 1151, 1154 (S.D. Fla. 2019). The *Wilton/Brillhart* abstention doctrine, on the other hand, applies to federal actions

8

seeking declaratory relief and affords "substantial discretion to the Court in deciding whether to exercise jurisdiction over a case when there is a parallel state court case." *Wilton*, 515 U.S. at 282.

In situations like here, where the overlapping claims in the Federal Action seek both declaratory and monetary relief, the Court must "look to the heart of the action" to determine which standard to apply. *Id*. at 1155. If the outcome of the claims for damages "hinges upon the outcome of the declaratory ones," then *Wilton/Brillhart* abstention applies. *Regions Bank v. Commonwealth Land Title Ins. Co.*, 11-23257-CIV, 2012 WL 1135844, at *3 (S.D. Fla. Apr. 4, 2012). Conversely, if the damages claims are completely independent of the claim for declaratory relief, then the *Colorado River* standard applies. *Id*.; *Chard*, 2019 WL 4805695, at *3.

This Motion is focused only on the overlapping Unresolved Claims in Pending Litigation.[5] All of GEICO's claims in the Federal Action relating to the Unresolved Claims in Pending Litigation are based on the same general allegations that the CEDA Defendants engaged in an overall scheme to submit fraudulent claims to GEICO for reimbursement of health care services. Some of these Unresolved Claims in Prior Litigation involve situations where GEICO has refused to make any payment whatsoever on any of the medical services comprising a particular claim, in which case GEICO seeks a declaratory judgment "that it is not legally obligated to pay reimbursement" of these claims. Complaint, ¶ 2. Other Unresolved Claims in Pending Litigation involve circumstances where GEICO made a partial payment for some, but not all, of the services comprising a particular claim ("Partially Paid Claims in Pending Litigation"), in which case GEICO seeks to recover the amounts it paid in connection with those claims.

---

[5] Courts have the authority to stay or abstain from exercising its jurisdiction over an entire case, or portions of a case. *See Liberty Mutual Insurance Co. v. Mark Yacht Club on Brickell Bay, Inc.*, Case No. 09-20022, 2009 WL 10668946, at *1-*2 (S.D. Fla. Apr. 23, 2009) (staying consideration of "the indemnification issue" pending resolution of a parallel state court action, but allowing remaining claims and issues to proceed).

In a situation like this, where the overlapping Federal Action involves a combination of claims for declaratory relief and damages, the "heart of the action" test provides a "flexible approach which allows 'district courts to treat different cases differently based on the fundamental character of a particular action.'" *Id*. In considering whether the declaratory relief lies at the heart of the action, the Court should consider "whether the outcome of the non-declaratory claims hinges upon the outcome of the declaratory ones; if so, then *Wilton*'s standard governs; if not, then *Colorado River* applies." *Chard*, 2019 WL 4805695, at *4 (citing *W. Coast Life Ins. Co. v. Ruth Secaul 2007-1 Ins. Tr.*, No. 09-81049-CIV, 2010 WL 11506019, at *3 (S.D. Fla. May 14, 2010)).

U.S. District Judge Robert Scola considered this exact issue in a similar case involving claims for PIP reimbursement. *See Haskin*, 391 F. Supp. 3d at 1155. In that case, a chiropractic group asserted a declaratory judgment claim seeking to establish that State Farm was systematically underpaying all claims for reimbursement. *Id*. The chiropractors also asserted a breach of contract claim seeking damages for those underpayments.

Judge Scola explained that the "decision on the declaratory judgment count … [would] determine[] if the Plaintiff [was] entitled to damages under the breach of contract count":

> For example, if the Court holds that State Farm was improperly applying the PIP statute, then the Plaintiff is entitled to damages for underpayment of benefits. On the other hand, if the Court holds that State Farm correctly applied the PIP statute, the Plaintiff is not entitled to damages under its breach of contract theory. Accordingly, this is, at its core, a declaratory judgment action and *Ameritas* applies.

*Id*.

Much like in *Haskins*, if the Court, here, determines that GEICO's arguments in its declaratory judgment claim do not excuse it from paying the amounts GEICO is seeking in its Unresolved Claims in Pending Litigation, then GEICO will not be entitled to damages for prior payments it made to the CEDA Defendants on any of these Unresolved Claims in Pending

Litigation.  This is because GEICO's claim for declaratory judgment seeks—based on GEICO's various defenses to payment—an all-encompassing "declaration that it is not legally obligated to pay" reimbursement for any of the allegedly fraudulent claims, including the Unresolved Claims in Pending Litigation. Compl. ¶¶ 2, 1187.  And, based on those very same allegations and defenses, GEICO seeks in its remaining damages claims (in Counts 2 through 43) to claw back all payments it ever made to the CEDA Defendants for hundreds of thousands of services, including on those Partially Paid Claims in Pending Litigation where GEICO paid for some but not all of the medical services comprising a particular claim.[6]

Therefore, all of the damages claims that involve these Partially Paid Claims in Pending Litigation "require[] the same analysis as the declaratory judgment claim" such that "the Court's decision on the declaratory judgment count will determine if the Plaintiff is entitled to damages under" the remaining counts.  *Haskin*, 391 F. Supp. 3d at 1155.  Accordingly, with respect to these Unresolved Claims in Pending Litigation, GEICO's declaratory judgment action in Count 1 is at the "heart of the matter," and the *Ameritas* test should apply. *Id.*; *Chard*, 2019 WL 4805695, at *4.

### C. The *Ameritas* factors support this Court staying or abstaining from its consideration of the Unresolved Claims in Pending Litigation.

In deciding whether to abstain from considering issues in this Federal Action relating to the Unresolved Claims in Pending Litigation under the *Wilton/Brillhart* abstention doctrine, the Court should consider the following nine (9) non-exhaustive factors:

---

[6] By way of example, in the *Beltre* PIP Suit, which is an Unresolved Claim in Pending Litigation, CEDA Orthopedics & Interventional Medicine of Hialeah, L.L.C. ("CEDA Hialeah") alleges that GEICO paid for a portion of a claim, but failed to pay the balance, totaling $9,157.09. *See* Exhibit 2, at ¶ 14.  In the Federal Action, GEICO seeks in Counts 16 through 22 to establish that the CEDA Defendants who were involved with providing services at CEDA Hialeah are liable for damages for any payment GEICO has ever made to CEDA Hialeah "since at least 2013," which necessarily includes the partial payment GEICO issued to CEDA Hialeah for the claims at issue in the *Beltre* PIP Suit.  (Complaint [D.E. 1] at ¶¶ 128, 1292-1343).

(1) the strength of the state's interest in having issues raised in the federal declaratory action decided in state courts;

(2) whether the judgment in the federal declaratory action would settle the controversy;

(3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

(4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing," that is, to provide an arena for a race for res judicata or to achieve federal hearing in a case otherwise not removable;

(5) whether the use of the declaratory action would increase friction between the federal and state courts and improperly encroach on state jurisdiction;

(6) whether there is an alternative remedy that is better or more effective;

(7) whether the underlying factual issues are important to an informed resolution of case;

(8) whether the state trial court is in a better position to evaluate those factual issues than federal court; and

(9) whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether the federal common or statutory law dictates resolution of the declaratory judgment action.

*Ameritas*, 411 F.3d at 1331. As set forth below, the application of these factors—known as the *Ameritas* factors or *Ameritas* test—weighs in favor of staying the portions of the causes of action in the Federal Action involving the Unresolved Claims in Pending Litigation.

### 1. The State Court Actions should proceed first because the claims concern Florida law.

The Court should stay its consideration of the Unresolved Claims in Pending Litigation, subject to the resolution of these very same claims in the State Court Actions, because they concern matters of Florida law that the State of Florida has an interest in resolving. "The first, fifth, and ninth *Ameritas* factors look to concerns of comity and the interest of the forum state in resolving the legal issues presented." *Geico Gen. Ins. Co. v. Pruitt*, No. 08-21623-CIV, 2009 WL 10666845, at *3 (S.D. Fla. Feb. 19, 2009).

The question of interpreting insurance contracts and disputes over payment of insurance claims are undoubtedly questions of Florida law, not federal law. *See Trailer Bridge, Inc. v. Ill. Nat. Ins. Co.,* 657 F.3d 1135, 1141 (11th Cir. 2011); *Pruitt*, 2009 WL 10666845, at *3 (dismissing declaratory judgment case based on the same considerations); *see also Mid-Continent Cas. Co. v. Northstar Homebuilders, Inc.*, 297 F. Supp. 3d 1329, 1336 (S.D. Fla. 2018) ("Given Florida law, not federal, governs the substantive issues raised, Florida has a strong interest in this case and federal jurisdiction over this action would only encroach the province of the state court."). Indeed, the "Florida state courts have a substantial interest in deciding how insurance companies should apply Florida statutes regarding reimbursements . . . to the claims of Florida residents." *Haskin*, 391 F. Supp. 3d at 1155.

In the context of insurance coverage disputes, such as this one, "[t]he desire of insurance companies . . . to receive declarations in federal courts on matters of purely state law has no special call on the federal forum." *Mid-Continent Cas. Co. v. Northstar Homebuilders, Inc.*, 297 F. Supp. 3d 1329, 1336 (S.D. Fla. 2018). To that end, the Eleventh Circuit has noted that a district court has discretion to "decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully resolve the controversy between the parties." *Id.* at 1329 (citations omitted); *see also GEICO v. Lacayo*, 2015 WL 4464020 (S.D.Fla. July 21, 2015) at *3 ("The first, fifth and ninth *Ameritas* factors, which touch on concerns of comity, weigh heavily in favor of abstention. Florida law, not federal law, governs the substantive issues presented in this case, giving Florida a strong interest in having the controversy decided in state court. . . Indeed there is no substantive federal nexus to this cause of action. . ."); *Nationwide Ins. Co. v. Coastal Chemical, Inc.*, 2013 WL 3974617 (S.D. Fla. July 31, 2013) (abstention is proper where state law insurance issues govern the coverage question raised by the declaratory decree).

Resolving GEICO's payment obligations in the Federal Action with respect to, among others, the Unresolved Claims in Pending Litigation, would "have potentially significant implications regarding insurance coverage under Florida law." *See Pruitt*, 2009 WL 10666845, at *3. There is unquestionably a "close nexus between underlying factual and legal issues and state law and/or public policy," and an interpretation of Florida's PIP laws, along with other statutory and regulatory requirements, will dictate the resolution of both the State Court Actions and GEICO's request for declaratory relief here in the Federal Action. *Id.* Moreover, the "public policy implications [of resolving these PIP claims] affect only Florida insurance contracts." *Id.*, at *3.

To be clear, the State of Florida and its courts have a strong interest in deciding this matter. In order to assess GEICO's obligations to pay the CEDA Defendants, a court must assess and apply Florida's PIP law. *See generally* Fla. Stat. §§ 627.730-627.7405. The PIP statute, which is codified in Fla. Stat. § 627.736, is an "integral part" of Florida's "no-fault" statutory scheme. *Flores v. Allstate Ins. Co.,* 819 So. 2d 740, 744 (Fla. 2002). Under this Florida law, if GEICO suspected that the CEDA Defendants submitted fraudulent claims, it was required to have provided notice to the CEDA Defendants and then complete its investigation within a specific time period. *See* Fla. Stat. § 627.736(4)(i). If the parties were unable to resolve those claims through this process, the PIP statute further provides that "all claims related to the same health care provider for the same injured person" shall be litigated in a single action. Fla. Stat. § 627.736(15).

In accordance with this directive, the CEDA Defendants previously initiated and are currently litigating individual State Court Actions through which they seek to recover unpaid "claims related to the same health care provider for the same injured person." *Id*. The fact that the Florida Legislature has established a statutory framework through which claimants and insurers are required to resolve these kinds of disputes demonstrates the State's interest and familiarity with

14

these claims, and weighs in favor of a stay. *See Pruitt,* 2009 WL 10666845 at * 3; *Lacaya,* 2015 WL 4464020 at *3 ("the fact that the underlying litigation was in state court for three years and it is clear the state court is best positioned to address the underlying factual issues"); *Houston Specialty Ins. Co. v. LaGazzetta, LLC,* 2015 WL 9258096 (S.D. Fla. Dec. 12, 2015 (state court's familiarity with the underlying factual issues is one of the most influential factors in the *Ameritas* analysis). Thus, "[g]iven Florida's strong interest in this case and its marginal significance elsewhere, a resolution by a state trial court with review by a state appellate court is clearly preferable." *Pruitt*, 2009 WL 10666845, at *3.

### 2. The State Court Actions are the more efficient and economical forums to resolve the Unresolved Claims in Pending Litigation.

The second sixth, seventh, and eighth *Ameritas* factors look to, in essence, whether "the declaratory judgment action is the most efficient and economical forum to resolve the rights of all the parties;" in other words, whether it could settle the whole controversy, clarify the legal relations at issue, and provide a better remedy than the alternative forum. *See Pruitt*, 2009 WL 10666845, at *4. As explained below, these factors weigh in favor of this Court abstaining from its consideration of the Unresolved Claims in Pending Litigation, pending the resolution of these State Court Actions.

The second factor looks to whether the declaratory judgment in the Federal Action would conclusively settle the controversy. *Ameritas*, 411 F.3d at 1331. In this case, it would not. If, on the one hand, the Court decides on GEICO's declaratory judgment claim that GEICO cannot categorically deny all pending claims from the CEDA Defendants, that ruling would not settle the Unresolved Claims in Pending Litigation, because GEICO can continue to rely on the individual, claim-by-claim defenses to the specific medical services and causes of action at issue. *See*, *e.g.*, Exhibits 3. If, on the other hand, the Court ruled in GEICO's favor on portions of its declaratory

judgment claim, the CEDA Defendants would still be entitled to present evidence on their affirmative defenses pertaining to specific Unresolved Claims in Pending Litigation. For example, the Court might determine based on these affirmative defenses—notwithstanding GEICO's defenses to payment—that GEICO waived the right to contest, or is estopped or otherwise barred from contesting, its obligation to make these payments.

Accordingly, the declaratory judgment in the Federal Action does not, in-and-of-itself, settle the Unresolved Claims in Prior Litigation. *Ameritas*, 411 F.3d at 1331. "[I]f both lawsuits are allowed to proceed there is the possibility of inconsistent verdicts on the same issue against the same defendant. Therefore, this factor also favors abstention." Haskin, 391 F.Supp.3d at 1155.

The sixth factor evaluates whether there is an alternative remedy that is better or more effective. *Ameritas*, 411 F.3d at 1331. Here, the first-filed State Court Actions are better and more effective remedies because the Florida state courts are familiar with and better suited to resolve the individual determinations involving these Unresolved Claims in Pending Litigation. *See Pruitt*, 2009 WL 10666845, at *4 n.6 (holding that "abstention is the right course in this instance, given that general principles of comity strongly suggest deference to the first-filed state lawsuit.").

GEICO's efforts in the Federal Action to create a second opportunity to litigate the very same issues involving the CEDA Defendants' entitlement to the same reimbursements at issue in individual State Court Actions constitutes improper "fencing," and would produce the very frictions between the functioning of the state and federal courts that the Eleventh Circuit warned must be avoided. *See e.g. Tesoro of West Palm Beach v. Hermitage Ins. Co.*, 2008 WL 11333490 (S.D. Fla. June 17, 2008); *Rhein v. Kevelson*, 2014 WL 6694744 (S.D. Fla. Nov. 26, 2014) at *4 (declaratory judgment claim was merely "a collateral attack on the state court's order" and "serve[d] no purpose other than 'procedural fencing.'"). In fact, many State Court Actions have

been pending for several years and reflect substantial docket activity. "Serving as a 'Monday-morning quarterback' [and intruding on the state courts' orderly resolution of these claims] is not the role Congress intended for the federal courts in the Declaratory Judgment Act." *Guarantee Ins. Co. v. Old Republic Gen. Ins. Co.*, 2012 WL 4468352, at *4 (S.D. Fla. Sept. 26, 2012).

Similarly, "the seventh and eighth *Ameritas* factors examine the ability of the state court to resolve the legal and factual issues relative to the federal court." *Pruitt*, 2009 WL 10666845, at *3. The seventh factor looks at whether the underlying factual issues are important to an informed resolution of the case, and the eighth factor is whether the state trial court is in a better position to evaluate those factual issues than is the federal court. *Ameritas*, 411 F.3d at 1331. As discussed above, these factors weigh in favor of this Court abstaining until the state courts finalize their consideration of the Unresolved Claims in Pending Litigation. *See*, *e.g.*, *GEICO Gen. Ins. Co. v. Lacayo*, No. 1:15-cv-20582, 2015 WL 4464020, at *3 (S.D. Fla. July 21, 2015) (emphasizing "the fact that the underlying litigation was in state court for three years and it is clear the state court is best positioned to address the underlying factual issues" raised by the federal declaratory action); *Rhein*, 2014 WL 6694744, at *4 (given state court had reserved jurisdiction over same issue raised in the declaratory judgment action, "this action is necessarily a collateral attack on the state court's order and can serve no purpose other than 'procedural fencing'").

The State Court Actions involve individual claims for reimbursement of health care services. Each case, thus, is focused on the particular injuries a specific claimant suffered, the services the CEDA Defendants provided, and whether GEICO has any specific defenses to payment for that particular claim. GEICO is defending many of these State Court Actions by asserting that the services were not medically necessary and that the claims were fraudulent. In other cases, GEICO does not challenge the appropriateness of the services or assert that the claims

were fraudulent, but rather takes the position that it has properly paid all medical bills and exhausted the limits of its insurance.  *See, e.g.,* Answer, *Ceda Orthopedics & Interventional Medicine (A/A/O Jesus Nunez) v. Geico General Insurance Company*, Case No. 2016-7062-SP-026 (03) (11th Jud. Cir. Nov. 15, 2016), a copy of which is attached as "**Exhibit 5**."

For other Unresolved Claims in Pending Litigation, GEICO has concluded that it should pay the CEDA Defendants for those claims.  *See* Exhibit 4, at ¶ 8.  Thus, GEICO has the opportunity—and, in fact, continues—to make individualized determinations in the State Court Actions about whether to pay (or rest on its individualized defenses to) these claims.  Because of these individualized considerations, it is clear that the State Courts Actions are "better situated to analyze these Florida law issues than a federal court. . . [and these factors] unambiguously weigh[] in favor of abstention." 391 F.Supp.3d 1151, 1156 citing *Lexington*, 434 F. Supp. 2d at 1242.

### 3. If this Court does not abstain from considering the Unresolved Claims in Pending Litigation, two courts might separately and inconsistently rule on GEICO's obligation to pay the very same claims.

The third, fourth, and fifth *Ameritas* factor consider whether the federal action would serve a useful purpose in clarifying the legal relations at issue, whether the declaratory remedy is being used as a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable, and whether the use of the declaratory action would increase friction between the federal and state courts and improperly encroach on state jurisdiction.  *Ameritas*, 411 F.3d at 1331.  For the reasons set forth below, each of these factors weighs heavily in favor this Court staying the Unresolved Claims in Prior Litigation.

Although some of the causes of action may differ, the underlying issues that the Court must rule on in the Federal Action are the same as those in the pending, first-filed State Actions.  In the State Court Actions, the CEDA Defendants—on an individual and claim-by-claim basis—allege

that GEICO is obligated to reimburse them for the applicable claims.  If GEICO has a defense to payment (for example, that a claim was not medically unnecessary or was fraudulent), those defenses must be raised in those State Court Actions—either as affirmative defenses or compulsory counterclaims—or else they are deemed waived and barred.[7]  Thus, GEICO's claims (and the CEDA Defendants' counterclaims) in this Federal Action involve the very same defenses that are being (or should have been) brought in the State Court Actions.

Therefore, if this Court elects to consider the Unresolved Claims in Pending Litigation while the State Court Actions remain ongoing, the parties could very well end up with inconsistent rulings on, among other things, whether the CEDA Defendants are entitled to reimbursement for these claims or, alternatively, whether GEICO's defenses to payment overcome any such obligation.  In essence, "[t]o allow the instant declaratory action to proceed would run the risk of inconsistent decisions and amounts to '[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation.'" *W. Coast Life Ins. Co. v. Ruth Secaul 2007-1 Ins. Jr.,* No. 09-81049-CIV, 2010 WL 11506019, at *5 (S.D. Fla. May 14, 2010) (finding that "in the interests of conservation of judicial resources, the potential for inconsistent judgments, and in light of the strong policy interest of [the state] in this litigation" abstention was warranted).

It would also effectively create a race for *res judicata* between the State Court Actions, some of which have been in ongoing litigation for over five years, and this Federal Action.  This

---

[7] Under Florida law, a compulsory counterclaim is a "cause of action arising out of the transaction or occurrence that formed the subject matter of the plaintiff's claim." *Yost v. Am. Nat'l Bank*, 570 So. 2d 350, 352 (Fla. 1st DCA 1990) (citation omitted); see Fla. R. Civ. P. 1.1.70(a) ("A pleading must state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, provided it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction."). Failure to raise a compulsory counterclaim in the first suit will result in a waiver of that claim. *See Yost*, 570 So. 2d at 352.

is exactly the type of scenario the *Ameritas* factors caution against: "This case creates the 'potential for friction inherent in having double-tracked, near-identical litigation pending in both federal and state courts, such that the first court's ruling on a particular issue may have *res judicata* effect on the second court's ability to hear and decide the same issue, even if the second court disagrees with the first court's determinations.'" *Haskin*, 391 F. Supp. 3d at 1156. And, these concerns are especially acute, where, as here, the Unresolved Claims in Pending Litigation involve matters of Florida, not federal, law and each are of an amount that is substantially below the Court's jurisdictional limit for diversity jurisdiction.

## IV.    CONCLUSION

For the reasons set forth above, the CEDA Defendants respectfully request that this Court enter an order temporarily staying the case as it relates to, and abstaining from considering, the Unresolved Claims in Pending Litigation, pending resolution of these State Court Actions, and grant such further relief as the Court deems just or proper.

## CERTIFATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), undersigned counsel for the CEDA Defendants certifies that he has conferred with counsel for GEICO in a good faith effort to resolve the issues raised in this Motion. Counsel for GEICO indicated that GEICO opposes the relief requested herein.

Dated: January 29, 2020     Respectfully submitted,

**STUMPHAUZER FOSLID SLOMAN
ROSS & KOLAYA, PLLC**
Two South Biscayne Boulevard, Suite 1600
Miami, Florida 33131
Telephone: (305) 614-1400
Facsimile: (305) 614-1425


By: */s/ Timothy A. Kolaya*
RYAN K. STUMPHAUZER
Florida Bar No. 0012176
rstumphauzer@sfslaw.com
ADAM M. FOSLID
Florida Bar No. 0682284
afoslid@sfslaw.com
TIMOTHY A. KOLAYA
Florida Bar No. 056140
tkolaya@sfslaw.com
docketing@sfslaw.com

*Counsel for Defendants*